**LEWIS BRISBOIS BISGAARD & SMITH LLP**
ATTORNEYS AT LAW

77 Water Street, Suite 2100
New York, New York 10005
Telephone: 212.232.1300
Fax: 212.232.1399
www.lewisbrisbois.com

ELIOR D. SHILOH
DIRECT DIAL: 212.232.1362
ELIOR.SHILOH@LEWISBRISBOIS.COM

July 21, 2016

**VIA ECF**

Honorable Frederic Block
U.S. District Court
for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    Defendant's Proposed Motion to Dismiss for Lack of Subject Matter Jurisdiction and for Failure to State a Claim; C.A. 1:16-cv-03110-FB-RML; *Shifra Winehouse, et al v. GC Services Limited Partnership*; in the U.S. District Court for the Eastern District of New York.

Your Honor:

    On behalf of my client, Defendant GC Services Limited Partnership, I respectfully request a pre-motion conference with the Court regarding Defendant's proposed motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim upon which relief may be granted under Federal Rule of Civil Procedure 12(b)(6). Defendant's proposed motions challenge Plaintiff's standing to bring suit on the grounds that Plaintiff has failed to allege an injury in fact. Specifically, Plaintiff has failed to articulate how the one voice message GC Services allegedly left on Plaintiff's answering machine caused Plaintiff to suffer a concrete injury, as clarified by the Supreme Court's recent decision in *Spokeo, Inc. v. Robins*, 194 L.Ed.2d 635 (2016). Moreover, Plaintiff has failed to state a single actionable violation under any of the alleged provisions of the Fair Debt Collection Practices Act.

    In *Spokeo*, the Supreme Court held that a "bare, procedural violation" of a federal statute was not sufficiently concrete to establish an injury in fact. *Spokeo*, 194 L.Ed.2d at 645-646. The plaintiff had brought an action under the Fair Credit Reporting Act (FCRA), alleging that the defendant, Spokeo, had included false information about the plaintiff in a consumer report. *Id.* at 641-642. The statutory provision at issue requires consumer reporting agencies to "follow reasonable procedures to assure the maximum possible accuracy" of consumer reports. *Id.*, at 641, *citing* 15 U.S.C. § 1681e(b). Although the FCRA does not require a showing of actual damages for willful violations of the statute, the

ARIZONA • CALIFORNIA • COLORADO • CONNECTICUT • FLORIDA • GEORGIA • ILLINOIS • INDIANA • KANSAS • KENTUCKY • LOUISIANA • MARYLAND • MASSACHUSETTS • MISSOURI •
NEVADA • NEW JERSEY • NEW MEXICO • NEW YORK • NORTH CAROLINA • OHIO • OREGON • PENNSYLVANIA • RHODE ISLAND • TEXAS • WASHINGTON • WEST VIRGINIA

4833-5345-8229.1

Honorable Frederic Block
July 21, 2016
Page 2

Supreme Court nonetheless held plaintiffs must allege a **concrete harm** to have standing to bring suit. *Id*. at 646; *see also* 15 U.S.C. § 1681n (a). The Court specifically noted that not all procedural violations of a statute cause harm or present any material risk of harm. *Id*.

Here, as in *Spokeo*, Plaintiff alleges procedural and hypothetical violations of a federal statute without any showing that the alleged violation caused Plaintiff harm or any material risk of harm. The federal statute at issue here, the Fair Debt Collection Practices Act (FDCPA), is nearly identical to the statute at issue in the *Spokeo* case. Both statutes allow plaintiffs to recover statutory damages without proof of actual harm. *Compare* 15 U.S.C. § 1681n (a) with 15 U.S.C. § 1692k (a). However, as the *Spokeo* decision makes abundantly clear, alleging a procedural violation of a federal statute does not automatically establish an injury in fact. *Spokeo*, 194 L.Ed.2d at 645.

Plaintiff's claims are entirely hypothetical, and not sufficiently concrete to establish an injury in fact. For example, Plaintiff alleges "Defendant GC Services Limited Partnership, failed to provide Plaintiff with the notice required by 15 U.S.C. § 1692e(11), namely, by failing to advise Plaintiff that the communication was from a debt collector or that the Defendant was attempting to collect a debt." Dkt. 1, ¶¶ 30, 43, 45. However, Plaintiff does not identify any harm caused by the alleged violation. For example, Plaintiff does not claim, based on the alleged voice message, that she was deceived into returning GC Services' call and into communicating with GC Services regarding the debt against her wishes. Moreover, the evidence GC Services will introduce disproves any possibility this alleged violation could have, or more importantly actually did, cause any injury, because Plaintiff never returned GC Services' message. Plaintiff has failed to identify how the voice message caused Plaintiff to suffer a concrete injury and this Court lacks subject matter jurisdiction to adjudicate this case.

Moreover, Plaintiff's complaint fails to state a claim against GC Services under either 15 U.S.C. § 1692d, 1692e, 1692e(10), 1692e(11), or 1692f because the facts pleaded, even if accepted as true, do not constitute a violation of the FDCPA. Specifically, Plaintiff has failed to allege how leaving a voice message on Plaintiff's answering machine that merely provides the caller's name and callback number is actionable under Section 1692e(11), because the message conveys no information whatsoever regarding a debt and is therefore not a "communication" under the FDCPA. 15 U.S.C. § 1692e(11); 15 U.S.C. § 1692a(2). Likewise, Plaintiff does not allege any facts that plausibly suggest how leaving the alleged voice message was deceptive, or constituted harassing, oppressive, or abusive behavior. 15 U.S.C. §§ 1692e(10), 1692d. Indeed, Plaintiff has only alleged one voice message was left on her answering machine and the message includes no information other than requesting Plaintiff to return GC Services' telephone call. GC Services did not engage in any "unfair or unconscionable" conduct by placing a single voice message on Plaintiff's answering machine. *Id*. § 1692f. Therefore Plaintiff has failed to state a claim under any of the FDCPA provisions alleged.

Honorable Frederic Block
July 21, 2016
Page 3

      Accordingly, I respectfully request the Court grant Defendant permission to file a Rule 12(b)(1) motion and a Rule 12(b)(6) motion to address whether Plaintiff has standing to bring suit, and to address whether Plaintiff has alleged a single actionable claim under the FDCPA upon which relief may be granted. Thank you for your consideration of this request.

      Very truly yours,

      *Elior D. Shiloh*

      Elior D. Shiloh of
      LEWIS BRISBOIS BISGAARD & SMITH LLP