**ADAM J. FISHBEIN, P.C.**
ATTORNEY AT LAW

483 Chestnut Street
Cedarhurst, New York 11516

Telephone (516) 791-4400
Telecopier (516) 791-4411

July 27, 2016

**VIA ECF**

The Honorable Frederic Block
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

**RE:** Winehouse v. GC Services
15 CV 4449 (FB) (RLM)

Dear Judge Block:

I represent the plaintiff in the above referenced matter. This letter serves as a response to the defendant's request for a pre-motion conference in order to move to dismiss the complaint. For the reasons set forth below, we submit that defendant has not assumed the truth of the complaint and has failed to tell the court that it has lost on at least three occasions when suggesting the proposition that leaving a message for a debtor without the necessary disclosures is not a violation of the FDCPA.

We contend that the issue of liability has been axiomatic for years especially since defendant has avoided citing to any cases concerning the merits. Concerning defendant's efforts to move to dismiss FDCPA claims based upon *Spokeo*, Plaintiffs complaint extensively addressed these article III harms yet defendant has failed to assume the truth of the facts alleged in the complaint. *See Khaytin v. Stern & Stern, ESQS*., 2013 U.S. Dist. LEXIS 144091, 12, 2013 WL 5520000 (E.D.N.Y. Sept. 30, 2013) ("Defendant's application for permission to file the proposed motion to dismiss is denied … Although Defendant's proposed motion purports to be a motion to dismiss pursuant to Rule 12(b)(6), it is actually in the nature of a motion for summary judgment. **Defendant's proposed motion does not assume the truth of the facts alleged by Plaintiff")** (emplasis added) *Woolcott v. Baratta,* 2014 U.S. Dist. LEXIS 63043, 17, 2014 WL 1814130 (E.D.N.Y. May 7, 2014) ("Defendants' motion to dismiss presents a factual dispute that is "not appropriately decided at the dismissal stage") *Martin v. City of New York,* 2013 U.S. Dist. LEXIS 129730, 2, 2013 WL 4899290 (E.D.N.Y. Sept. 9, 2013) (Townes, S.) ("Since there appears to be no meritorious basis for moving for summary judgment, defendants' request for permission to file a motion is denied")

Most importantly defendant's letter is now moot in light of the fact it just lost on the very same Article III issue yet defendant has failed to disclose this to the Court. On July 20, 2016 this very defendant's firm on behalf of this defendant lost in a very similar matter *Dickens v. Gc Servs*., 2016 U.S. Dist. LEXIS 94621 (U.S.D.C Mid.Div. Fl. Tampa

Div. July 20, 2016).

The Court in *Dickens* already treated the *Spokeo* issue for the defendant as follows:

> "GC Services' argument suffers from two significant flaws. First, it grossly misreads Spokeo. In that case, the plaintiff alleged a violation of the Fair Credit Reporting Act (FCRA) but did not plead any actual harm, and the Court remanded the case to the United States Court of Appeals for the Ninth Circuit because that court had failed to evaluate the two prongs of the Constitution's injury-in-fact requirement: particularity and concreteness. 136 S. Ct. at 1545. The Ninth Circuit, in holding that the plaintiff had standing, concluded only that the plaintiff adequately alleged a violation of his individual statutory rights, without evaluating whether that injury—i.e. the particularized FCRA violation—was concrete. Id. (emphasis in original). The Court merely held that "[t]his analysis was incomplete." Id. It took "no position as to whether the Ninth Circuit's ultimate conclusion—that [the plaintiff] [4] adequately alleged an injury in fact—was correct." Id. at 1550.
>
> This holding is a far cry from the one GC Services advances. In fact, before remanding the case, the Court reaffirmed three important principles of its standing jurisprudence: first, that "concrete" is not synonymous with tangible, id. at 1549 (citing Pleasant Grove City v. Summum, 555 U.S. 460, 129 S. Ct. 1125, 172 L. Ed. 2d 853 (2009); second, "that Congress may 'elevate to the status of legally cognizable injuries concrete, de facto injuries that were previously inadequate in law,'" id. (quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 578, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992); and third, that the risk of harm alone can satisfy the requirement of concreteness, id. (citing Clapper v. Amnesty Int'l USA, 133 S. Ct. 1138, 185 L. Ed. 2d 264 (2013). On these principles, "an alleged failure to comply with a federal law," as CG Services describes Dickens's complaint, may indeed be enough to confer standing. Spokeo in no way stands for the proposition that it is not.
>
> The second flaw in CG Services' argument is that it takes no account of Church v. Accretive Health, Inc., ___F. App'x.___, 2016 U.S. App. LEXIS 12414, 2016 WL 3611543 (11th Cir. July 6, 2016), a more recent decision from the Eleventh Circuit, a decision that, citing Spokeo, found that standing existed in a case nearly identical to this one. In that case, the allegation was the same one Dickens makes here: that the defendant debt collector did not include in its correspondence with the [5] plaintiff certain disclosures required by the FDCPA. 2016 U.S. App. LEXIS 12414, [WL] at *1. Noting that standing is a jurisdictional threshold courts must evaluate, the court first found that Congress, through the FDCPA, entitled the plaintiff to certain information, and thus an alleged invasion of this right is not hypothetical or uncertain. 2016 U.S. App. LEXIS 12414, [WL] at 3. It may not result in tangible economic or physical harm, the court noted, but neither does constitutional standing. Id. (citing Spokeo, 136 S. Ct. at 1549). When the plaintiff alleged that the defendant failed to provide information she was entitled to receive, the Court concluded, she alleged a congressionally elevated cognizable injury. Id. She alleged, in other words, a concrete injury.
>
> Though unpublished, this Court is convinced that the Eleventh Circuit's Church opinion is a more nuanced application of Spokeo and the principles underlying it. It is also directly on point. In the face of that persuasive authority, the Court will not read Spokeo as denying Dickens standing here. As the plaintiff did in Church, Dickens adequately alleged an injury in fact. He has standing and the Court has jurisdiction."

As set forth above, concerning the merits, the issue of leaving messages has been well established by a plethora of caselaw within the district courts in this Circuit as well as

the following cases where GC Services has already lost on the issue. *See Chatman v. GC Servs.*, LP, 57 F. Supp. 3d 560, 569 (D.S.C. 2014) ("In sum, the court rejects GC's arguments that the messages left on Chatman's voicemail were not communications under the FDCPA. It follows that Chatman is entitled to summary judgment on liability on her claim for violation of 15 U.S.C. § 1692e(11), because the messages did not indicate that the caller was a debt collector.") *Wood v. GC Servs., L.P.*, 2012 WL 995207 (M.D. Fla. Mar 23, 2012). ("The debt collector's message on plaintiff's answering machine which did not indicate that the call was from a debt collector violated § 1692e(11). Meaningful disclosure" under § 1692d(6) not provided where caller did not leave her name, the debt collection company's name, or the nature of the debt collector's business .) *Elliott v. GC Servs., L.P.*, 2011 WL 5975671 (M.D. Fla. Nov. 28, 2011). (The defendant was denied summary judgment on the §§ 1692d(6) and 1692e(11) claims as to whether the defendant meaningfully disclosed its name or identity as a debt collector in its communications in both telephone calls and voicemail messages.)

One of the reasons courts mandate the filing of a request for a pre-motion conference by letter is to see if there is any merit to such a motion.  Although a District Court may usually not bar a party from filing a motion, if it is clear from the letter that no relief may be obtained or where the letter contains statements that do not assume the truth of the complaint or where the arguments lack merit the court may in the interest of a useful expenditure of the parties' time construe a pre-motion letter as a motion and act on it, without affording the moving party any opportunity to file additional papers. See *Best Payphones, Inc. v. Manhattan Telecommc'ns Corp.*, 2011 U.S. App. LEXIS 23528 (2d Cir. Nov. 23, 2011) ("Here, however, the district court did not explicitly deny the request for a pre-motion conference. Rather, the court appears to have construed the Pre-Motion Letter as the motion itself ….  In this Circuit, district judges have, in some cases, construed pre-motion letters as the motions themselves and denied the motions. Given the length and detail of the Pre-motion Letter and the clear lack of merit of the [arguments], the district court did not abuse its discretion in construing the letter as a motion and denying the motion. *Martin v. City of New York,* 2013 U.S. Dist. LEXIS 129730, 2, 2013 WL 4899290 (E.D.N.Y. Sept. 9, 2013) (Townes, S.) ("Since there appears to be no meritorious basis for moving for summary judgment, defendants' request for permission to file a motion is denied")

We believe that it would be a grand misuse of resources to proceed with a motion at this time.  In other words, to how many courts is GC Services prepared to make the same argument and lose.

Thank you for the Court's consideration of the foregoing.


Yours faithfully,

/s/
Adam J. Fishbein

Cc: Elior Shiloh, Esq.