UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
SHIFRA WINEHOUSE, on behalf of herself
and all other similarly situated consumers,

                  Plaintiff,

   -against-

GC SERVICES LIMITED PARTNERSHIP,

                  Defendant.
---------------------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. 16-cv-03110-FB-RML

*Appearances*:
*For the Plaintiff*:
ADAM JON FISHBEIN
Adam J. Fishbein, Attorney at Law
483 Chestnut Street
Cedarhurst, New York 11516

*For the Defendant*:
WILLIAM S. HELFAND
Lewis, Brisbois, Bisgaard & Smith LLP
24 Greenway Plaza, Suite 1400
Houston, Texas 77046

ADAM E. COLLYER
ELIOR DANIEL SHILOH
REBECCA ANN GOLDSTEIN
Lewis, Brisbois, Bisgaard & Smith LLP
77 Water Street, 21stf Floor
New York, New York 1005

**BLOCK, Senior District Judge:**

      Shifra Winehouse ("Winehouse" or "plaintiff") brings this action for violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*,[1] on behalf of herself and all other similarly situated consumers, against GC Services Limited Partnership ("GC" or "defendant"). GC moves to dismiss the Complaint for lack of

---

[1] In this Memorandum and Order ("Order"), any references to "Section 1692[]" or "§ 1692[]" are to this section of the United States Code's fifteenth title, the FDCPA's current codified location.

jurisdiction and failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(1) ("Rule 12(b)(1)") and Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"), respectively. For the following reasons, GC's motion ("Motion" or "MTD") is GRANTED IN PART and DENIED IN PART.

## I

The Court takes as true all of the factual allegations of Winehouse's complaint and draws all inferences in Winehouse's favor. *See Weixel v. Bd. of Educ.*, 287 F. 3d 138, 145 (2d Cir. 2002). However, "the tenet that a court must accept as true all the allegations contained in the complaint is inapplicable to legal conclusions"; thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court also considers any "documents attached to the complaint as an exhibit or incorporated in it by reference," "matters of which judicial notice may be taken, or . . . documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit." *Brass v. Am. Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993), *abrogated in part*, *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002).

### A.

Winehouse is a fifty-seven year-old citizen of the state of New York and a resident of New York City's Kings County. Headquartered in Houston, Texas, and founded in

1957, GC is a Delaware corporation which qualifies as a "debt collector"[2] engaged in "commerce"[3] under the FDCPA. From local offices sprinkled throughout the United States, GC has long engaged in "debt"[4] collection activities on behalf of private and public entities. During these efforts, GC regularly reaches out to sundry "consumers"[5] with "communications"[6] via varied instrumentalities of interstate commerce.

Winehouse's suit arises from an isolated communication. *See* Compl. ¶ 22. On or about June 16, 2015, Joy Gallop ("Gallop"), a representative of GC, left a message on Winehouse's answering machine consisting of the following sentences: "Shifra Winehouse, my name is Joy Gallop. I would appreciate you returning my call. You can

---

[2] Under the FDCPA, "[t]he term 'debt collector' means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).

[3] For purposes of pertinent federal law, "'[c]ommerce' means commerce among the several States or with foreign nations, or in any Territory of the United States or in the District of Columbia . . . ." 15 U.S.C. § 44.

[4] As used in the FDCPA, "[t]he term 'debt' means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. § 1692a(5).

[5] Under the FDCPA, "[t]he term 'consumer' means any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. § 1692a(3).

[6] Per the FDCPA, "[t]he term 'communication' means the conveying of information regarding a debt directly or indirectly to any person through any medium." 15 U.S.C. § 1692a(2).

reach me at 877-710-8001. Thank you." *Id.* ¶ 23. Gallop did not divulge that she was working for GC or that she was calling to collect in regard to any type of debt. *See id.* ¶¶ 24–25. Thus, "at the time [p]laintiff received the said message, she did not know the identity of the caller," that "the caller was a debt collector," and that "the call concerned the collection of a debt." *Id.* ¶¶ 23–25. Notably, in the days and weeks after this call, neither Winehouse nor GC reached out to the other. *See Id.* ¶¶ 28, 31.

## II

Winehouse alleges that Gallop's message violated §§ 1692d, 1692e(10), 1692e(11), and 1692f. Compl. ¶¶ 45, 50.[7] GC now makes two arguments for dismissal. First, it maintains that "one voice message" cannot suffice to provide Winehouse with constitutionally requisite standing under *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016). Second, it contends that Winehouse has failed to plausibly allege the elements required to sustain a cause of action under the FDCPA referenced in the Complaint.

### A.  Rule 12(b)(1): Lack of Standing

### 1.  Doctrine

"Standing to sue is a doctrine rooted in the traditional understanding of a case or

---

[7]Although §§ 1692d, 1692e, and 1692f enumerate specific offenses in discrete subsections, Winehouse fails to specify one under §§ 1692d or 1692f. As a matter of law, plaintiff did not need to do so, as the enumerated misdeeds are not meant to be exhaustive. *See Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60, 62 (2d Cir.1993) (noting that § 1692e contains a non-exhaustive list of possible violations). Still, the failure to do so is indicative of the Complaint's vagueness–and the evidentiary fragility of plaintiff's case.

controversy," a constitutional prerequisite. *Spokeo*, 136 S. Ct. at 1547; U.S. CONST. art. III. To show standing, a plaintiff must establish: "(1) an injury-in-fact, (2) a sufficient causal connection between the injury and the conduct complained of, and (3) a likelihood that the injury will be redressed by a favorable decision." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992) (internal quotation marks omitted).[8] To allege an injury-in-fact, "a plaintiff must claim the invasion of a concrete and particularized legally protected interest resulting in harm that is actual or imminent, not conjectural or hypothetical." *Strubel v. Comenity Bank*, 842 F.3d 181, 188 (2d Cir. 2016) (internal quotation marks omitted). "[A] bare procedural violation, divorced from any concrete harm," will not satisfy this standard. *Spokeo*, 136 S. Ct. at 1549. Nonetheless, "an alleged procedural violation can [still] by itself manifest concrete injury where [(1)] Congress conferred the procedural right to protect a plaintiff's concrete interests and [(2)] where the procedural violation presents a risk of real harm to that concrete interest." *Strubel*, 842 F.3d at 190.

**2.    Analysis**

By reason of one uncontested fact–Gallop disclosed neither her identity nor her ultimate purpose, as required by § 1692e(11) and § 1692d(6), in the message left on Winehouse's answering machine in June 2016–Winehouse has met the bare minimum for constitutional standing. Pre-*Spokeo* the Court held that "a plaintiff suffers an 'injury in fact' when [that] plaintiff fails to obtain information which must be publicly disclosed

---

[8] The second nor third elements are not atissue in this proceeding.

5

pursuant to a statute," *FEC v. Akins*, 524 U.S. 11, 21 (1998) (citing *Public Citizen v. U.S. Dep't of Justice*, 491 U.S. 440, 449 (1989)); in *Spokeo* the Court actually reaffirmed this principle, *see* 136 S. Ct. at 1549–50. Precisely such a statute, the FDCPA "create[s] an informational right which did not exist prior to its enactment, and that right is tied to the harm which a consumer may suffer if not provided with that information." *Hagy v. Demers & Adams LLC*, No. 2:11-cv-530, 2017 WL 1134408, at *4 (S.D. Ohio Mar. 27, 2017); *see also, e.g.*, *Church v. Accretive Health, Inc.*, 654 F. App'x 990, 994 (11th Cir. 2016); *Pisarz v. GC Servs. Ltd. P'ship*, Civ. No. 16-4552 (FLW), 2017 WL 1102636, at *5–6 (D.N.J. Mar. 24, 2017).

Consequently, because the Complaint alleges that Winehouse was not provided with specific information whose disclosure the FDCPA mandates, she presently possesses the standing required by the Constitution as applied to the FDCPA. *See, e.g.*, *Church*, 654 F. App'x at 994 (reaching this conclusion); *Guerrero v. GC Servs. Ltd. P'Ship*, No. CV 15-7449 (DRH) (AKT), 2017 WL 1133358, at *10–11 (E.D.N.Y. Mar. 23, 2017) (same). Accordingly, the Complaint will not be dismissed pursuant to Rule 12(b)(1).

**B.** **Rule 12(b)(6): Failure to State a Claim**

**1.** **Overview of FDCPA**

To state a claim under the FDCPA and survive review under Rule 12(b)(6),

Winehouse must allege that she is a "consumer," that GC is a "debt collector,"[9] that GC's challenged practice involves an attempt to collect a debt, and that GC violated a provision of the FDCPA in attempting to collect the relevant debt. *See Jacobson v. Healthcare Fin. Servs.*, 434 F. Supp. 2d 133, 136 (E.D.N.Y. 2006). In analyzing FDCPA claims, courts utilize a "least sophisticated consumer" standard. *See, e.g.*, *DeSantis v. Computer Credit, Inc.*, 269 F.3d 159, 161 (2d Cir. 2001). In addition, as the FDCPA "is remedial in nature, . . . its terms must be construed in liberal fashion . . . ." *Hart v. FCI Lender Servs.*, 797 F.3d 219, 225 (2d Cir. 2015).

**2. Application**

***a. Section 1692d***

Winehouse fails to set forth a plausible claim for § 1692d's contravention. Section 1692d forbids a debt collector from "engag[ing] in any conduct the natural consequences of which is to harass, oppress, or abuse any person with the collection of a debt." 15 U.S.C. § 1692d. A single message left on an answering machine in which no retaliatory response is threatened or intimated does not amount to the kind of sustained misconduct to which § 1692d applies. *See, e.g.*, *Obenauf v. Frontier Fin. Grp., Inc.*, 785 F. Supp. 2d 1188, 1205 (D.N.M. 2012) ("Congress did not include a single unwanted call after a stop-request in § 1692d's enumerated forms of harassment and abuse; rather, it requires

---

[9] Winehouse's status as a "consumer" and GC's classification as a "debt collector" are not disputed.

'repeated[ ] or continuous[ ]' conduct . . . .'"); *Arteaga v. Asset Acceptance, LLC*, 733 F. Supp. 2d 1218, 1227–29 (E.D. Ca. 2010) (surveying the case law and observing that § 1692d is only violated when, for example, a debt collector calls a debtor numerous times in one day or multiple times in a short period of time); *Udell v. Kansas Counselors, Inc.*, 313 F. Supp. 2d 1135, 1143–44 (D. Kan. 2004) (fact that debt collector placed four automated telephone calls to consumers over course of seven days without leaving message did not constitute harassment). As such, as the Complaint alleges no more than that GC left one message on Winehouse's answering machine in which nothing but a callback was requested and from which no harassment or oppression is alleged to (or reasonably could) have followed, Winehouse has not set forth a plausible claim for relief under § 1692d.

b. *Section 1692e*

In contrast, Winehouse plausibly pleads a claim under § 1692e generally and two of its sixteen subdivisions. Section 1692e bars debt collectors from employing "false, deceptive, or misleading representation[s] or means in connection with the collection of any debt." 15 U.S.C. § 1692e. "Communications and practices that could mislead a putative-debtor as to the nature and legal status of the underlying debt, or that could impede a consumer's ability to respond to or dispute collection, violate the FDCPA," including §§ 1692e, 1692e(10), and 1692e(11). *Gabriele v. Am. Home Mortg. Servicing*, 503 F. App'x 89, 94 (2d Cir. 2012). Here, the message left by Gallop omitted mention

8

of her employer's identity, i.e. debt collector, and her call's purpose, i.e. a debt's collection. While the message did not reference the debt, it remained, at its core, a communication prompted by Winehouse's debt and concerned with that debt's satisfaction. *See, e.g.*, *Foti*, 424 F. Supp. 2d at 655; *Hosseinzadeh*, 387 F. Supp. 2d at 1112. Hence, because the message omitted statutorily mandated information, *see, e.g.*, 15 U.S.C. §§ 1692e(11), the Court finds its vacuity to be sufficient to support a plausible claim under §§ 1692e, 1692e(10), and 1692e(11). *See Pisarz*, 2017 WL 1102636, at *9–10 (collecting similar opinions).

c. *Section 1692f*

As with § 1692d, Winehouse fails to meet the pleading minimum for purposes of § 1692f. Section 1692f prohibits a debt collector's exploitation of any "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. In general, federal courts maintain that false but non-material misrepresentations are not "unfair . . . means." *See Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1033 (9th Cir. 2010) (adopting this position and collecting concurring cases). Furthermore, reasoning by analogy to the examples encoded in § 1692f, federal courts treat invitations to negotiate, statements of obvious fact or law, and similarly non-threatening communications as neither abusive nor unfair. *See, e.g.*, *Miljkovic v. Shafritz & Dinkin, P.A.*, 791 F.3d 1291, 1307–08 (11th Cir. 2015); *Evory v. RJM Acquisitions Funding L.L.C.*, 505 F.3d 769, 776–77 (7th Cir. 2007); *Goswami v. Am. Collections Enter.*, 377

9

F.3d 488, 492–94 (5th Cir. 2004). Such conduct may offend other provisions of the FDCPA, but a plaintiff must nevertheless allege additional facts showing that the least sophisticated consumer would or could view a particular debt collector's conduct "as partial and unjust or as unscrupulous and unethical" to cross § 1692f's threshold. *Miljkovic,* 791 F.3d at 1308.

Because GC's sole alleged misdeed in this case is embodied in Gallop's cryptic message, Winehouse fails to plausibly allege a § 1692f claim for two reasons. First, such a communication, from which no further actions or conversations followed and which itself includes neither an unvarnished threat nor an unethical assertion, does not resemble the persistently unfair and unjust conduct for which § 1692f provides a remedy. *See, e.g.*, *Todd v. Collecto, Inc.*, 731 F.3d 734, 739–40 (7th Cir. 2013) (providing examples of such conduct and finding that plaintiff failed to state claim under § 1692f where debt collector made no request for payment and no express or implied threat of repercussion to plaintiff or his consumer-mother). Second, Winehouse fails to specifically and precisely identify how this message was unfair or unconscionable under § 1692f, as courts have customarily required. *See, e.g.*, *Turner*, 330 F.3d at 998; *Foti*, 424 F. Supp. 2d at 667; *Tsenes*, 892 F. Supp. at 466.

## III.

Based on the foregoing, the Motion is GRANTED IN PART and DENIED IN PART. Any claims arising under § 1692d and § 1692f are dismissed in accordance with

10

Rule 12(b)(6), but GC's motion to dismiss the Complaint for lacking of standing pursuant to Rule 12(b)(1) and Winehouse's § 1692e claim pursuant to Rule 12(b)(6) is denied.

**SO ORDERED**

/S/ Frederic Block  
FREDERIC BLOCK  
Senior United States District Judge

Brooklyn, New York  
June 6, 2017